23-71 Silent, Holly Blinkoff v. City of Torrington, and Nicole Dorman. So, Ms. Blinkoff, if you're ready, we'll approach the bench. You're going to have four minutes because you reserved one. Is that correct? Correct. May it please the Court, Holly Blinkoff, pro se plaintiff. First, I ask the Court to take judicial notice of Oral Argument Document 91 and also Document 83. In brief, I owned a stone quarry in Torrington. I was the only woman, the only Jew. I was regulated out of business. I went to file a CHRO complaint. The CHRO found reasonable cause to believe I was discriminated against based on sex and religion and retaliation. And that was in what year? I actually filed the federal case. I lost the federal case in 2002. Thank you. In 2006, I discovered that City Planner Ray Carpentino was told by City Attorney, Attorney Dorman, not to attend the trial. There was a no-contact rule in place. We had no access to that witness. And Attorney Dorman, the city, kept saying that she was producing the witness, producing the witness, and he was going to be showing up at the end of the trial, which was the 12th. The 12th came along and she said that his daughter was very ill. He had to take his daughter to the doctor. He couldn't make it. And so he was not available for my case. In 2006, I discovered that that witness was told by Attorney Dorman right in the middle of the trial, April 8th, that he was not needed for the trial and he never heard from her again. Meanwhile, during the trial in 2002, she was representing that he was coming and he was coming until the daughter was, she fabricated this illness. The court held an evidentiary hearing in 2006. Attorney Dorman was represented by her counsel and partner. And she testified and my witness testified to one conversation. She testified to seven. And I lost that case. In 2011, I got Attorney Dorman's deposition and she admitted that she told my witness on April 8th that he was not needed for the trial. Not April 12th, but April 8th. So I stayed in, that happened in state court. I stayed in state court and then it came down that attorneys are absolutely immune from fraud. Then I found out that the quarry that I lost was, the city had granted a permit to my former competitor, O&G Industries. They were operating a massive quarry on the quarry that I owned and could not operate. Actually, I had a grandfathered parcel, but then I had another contiguous parcel that they denied me. So now we're here and the court is now saying that Attorney Dorman was not an officer of the court in the 2006 case. That happened, the first time I saw that was at the end of the, was sua sponte, nobody argued it, it came up at the end of the, at the decision is when I first saw it. That she was not an officer of the court. So basically, if she's not an officer of the court because she was represented by counsel, then any lawyer that's represented by counsel is not going to be an officer of the court. She basically, basically just changed rule 60B. So a lawyer can come in, testify, bring a lawyer and say I'm just a witness or I'm just a party opponent or whatever and I'm not an officer of the court. So if you could just sum up right now, please. Okay, so I believe that she is, was an officer of the court, but if she wasn't an officer of the court, it raised judicata shouldn't apply because she was in a different, she's in a different capacity here. She's representing herself. That's one. Two, the city of Torrington is responsible for their attorney's actions. That's Chevron versus Donsiger. That's coming out of this own court where an attorney does not, a client does not have to know of attorney's fraudulent actions in order for them to retain an ill-gotten judgment. That the party does not have to actually participate in the fraud. Okay, thank you so much. Good morning, your honors. May it please the court. My name is Andrew Glass on behalf of the defendants of Appellee's, the city of Torrington defendants, including its planning and zoning commission, the city, Greg Meal, Gregory Parisino, and Dave Frascarelli. As set forth in our brief, and as the plaintiff briefly touched upon, and the district court's well-reasoned decision on our motion to dismiss and the motion to reconsider, this matter has a long and tortured history dating back to a 1995 action filed in the Commission on Human Rights and Opportunities in the state of Connecticut. The claims here were previously litigated by Judge Underhill, who's the same judge assigned to this matter, such that application of res judicata is appropriate as set forth in his rulings and orders. Even though, as required, Judge Underhill read the plaintiff's most recent action broadly as a pro se litigant and determined that an exception may apply to the equal protection claim, he did a thorough and substantive analysis of the same and determined even considering that an exception may apply to res judicata, that the plaintiff has not sufficiently set forth facts to prevail on her equal protection claim. As to this request that judicial notice be taken, we've briefed that in an objection, Your Honors. While you can take judicial notice of the fact that an underlying case may exist, you cannot accept the truth of the matters asserted therein. That's a case that's being disputed between parties. There's no facts from within the complaint in that underlying action that can be accepted by the court here for the truth of the matter asserted. I think the plaintiff briefly touched upon the fact that the fraud on the court claim was not addressed by the city. It was in our original motion to dismiss. We set forth the fact that the plaintiff has not set forth sufficient facts upon which to prevail on a fraud on the court claim against the city. And in Judge Underhill's ruling, he set forth the reasons for that. And so it was fully briefed. It was before the court. And if there's no questions from the panel, we respectfully ask that the rulings and orders from Judge Underhill below, both on the motion to dismiss and the request to reconsider, followed by the plaintiff, be affirmed. I just want to clarify one thing. Judge Underhill's ruling, he said that Ms. Dorman wasn't a pro se attorney in the 2006 case. She was a defendant represented by counsel, by Scott Karsten as counsel. Does that conform to your recollection? That conforms to my recollection of the time I wasn't on the case back in 2006. But I think the record is pretty clear as is set forth in the rulings. But again, that doesn't even apply to the city defendants. That applies to Ms. Dorman here. She's on submission here. So that fact has no bearing on whether any fraud that she committed can be imputed to the city defendants, which it's pretty clear from the well-reasoned rulings that it cannot be. Thank you. Ms. Blinkoff, you've got one minute. I'll let you go a little bit over the first time, so I'm going to keep you to your one minute. Okay. Number one, the court did not rule that race should apply to the equal protection claim. He was very clear about that in the ruling. I filed a motion for judicial notice here. Two, I really am just stunned that this attorney is now saying that going against case law that the city had to be involved in the fraud in order to be a fraud on the court. It's the counsel that has to be involved. I cited three cases. Please read them. One is Sutherland. One is Chevron v. Donziger, where a person can be ignorant of their attorney's actions, fraudulent actions, and they cannot keep an ill-gotten judgment. This is the law. And as far as Attorney Dorman, she waved. She did not brief any of the issues. She didn't brief the issues. She said the judge found that she was not an officer of the court. She didn't brief it. I cited 20 cases where an attorney that can be represented by counsel is an officer of the court. Not all the cases I cited, but at least three or four. Thank you so much. We will take the matter under advisement. Thank you. Thank you.